IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROY L.,**[1]

                          Plaintiff,                       Civ. No. 1:19-cv-00134-CL

     v.                                       **OPINION AND ORDER**

**ANDREW M. SAUL**, Acting
Commissioner of Social Security

                         Defendant.

_____

**CLARKE, Magistrate Judge:**

       Plaintiff Roy L. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is reversed.

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

## BACKGROUND

Plaintiff was 43 years old on his disability application date of December 10, 2014. He has a high school education and previously worked as a welder, painter, and trash collector. Tr. 206. Plaintiff alleges disability as of February 1, 1995 due to chronic pain from back and neck injuries and lumbar discectomy, degenerative disc disease and ruptured discs in his back and neck, a badly fractured leg that had two surgeries, depression, stomach problems, and trouble focusing. Tr. 182, 205, 342-53, 567, 583, 585.

Plaintiff's claims were denied initially and upon reconsideration. Tr. 60-110. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on November 27, 2017. Tr. 36-59. In a written decision dated January 25, 2018, the ALJ denied Plaintiff's applications. Tr. 12-35. The Appeals Council denied plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1-6. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.920(a)(4), 416.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.920(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since his alleged onset date. Tr. 17. At step two, the ALJ found plaintiff had the following severe impairments: ORIF left leg fracture; cervical degenerative disc disease; major depression; generalized anxiety disorder; left ulnar neuropathy; left knee osteoarthritis; and lumbago. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 18; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed him to perform sedentary work with the following limitations:

> [he can] lift and carry occasionally up to ten pounds, and frequently less than ten pounds; sit for six hours in an eight hour workday; stand and/or walk for up to two hours in an eight

hour workday; push/pull as much as can lift/carry; and he can operate foot controls with right foot occasionally. When standing or walking, the right hand would be occupied with a cane. [Plaintiff] can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, never kneel, never crouch, never crawl. [Plaintiff] can never work at unprotected heights, never around moving mechanical parts, and never operating a motor vehicle. [Plaintiff] is limited to simple routine tasks (with a reasoning level of 2 or less). Occasional interaction with supervisors, coworkers and the general public [is permitted]. [Plaintiff is] [l]imited to simple work-related decisions. [Plaintiff's] time off task can be accommodated by normal breaks.

Tr. 18.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 29

At step five, the ALJ found that based on Plaintiff's age, education, and RFC, he could perform jobs that exist in significant numbers in the national economy, including sales and billing sorting clerk, and final assembler, optical. Tr. 29. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 30

Plaintiff contends the ALJ erred by (I) failing to properly evaluate the medical evidence; and (II) improperly formulating the RFC.

## I.      Medical Opinion Evidence

Plaintiff first argues that the ALJ improperly evaluated the medical evidence because he (1) rejected the opinion of examining physician Raymond Nolan, M.D., Ph.D.; and (2) gave significant weight to the non-examining consultative physicians' opinions. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

### 1. Examining Physician Raymond Nolan

Plaintiff contends that the ALJ improperly evaluated the opinion of examining physician Raymond Nolan, M.D., Ph.D. Dr. Nolan performed a consultative physical examination in August 2015. Based on that examination, Dr. Nolan opined that Plaintiff could lift and carry ten pounds; occasionally bend, twist, and turn the neck and trunk; occasionally climb stairs; occasionally push and pull in the upper extremity; and never squat or kneel. Tr. 569. Dr. Nolan also opined that Plaintiff could stand for up to one hour, walk less than one hour, and sit for up to six hours in an eight-hour workday with a liberal policy for position change as needed for comfort. Tr. 569.

The ALJ gave partial weight to Dr. Nolan's opinion. Tr. 23. He adopted Dr. Nolan's limitations to sedentary work with limitations, but rejected his opinion that Plaintiff would need a liberal policy to change positions and that he could only stand for one hour and walk for less than one hour in an eight-hour workday. Tr. 23-24.

Dr. Nolan's opinion was contradicted by other medical evidence in the record, including multiple physical examination findings that revealed generally unremarkable back and neck findings, normal motor strength and intact sensation. Because it was contradicted by other medical evidence in the record, the ALJ was required to provide "specific, legitimate reasons" for rejecting Dr. Nolan's opinion. Ghanim, 763 F.3d at 1161.

As a rationale for rejecting Dr. Nolan's opinion, the ALJ found that Dr. Nolan's opinion was contradicted by evidence of Plaintiff's activities of daily living. The ALJ may reject a physician's opinion that conflicts with a claimant's activity level. Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020). Here, for example, while Dr. Nolan assessed extreme limitations on Plaintiff's ability to walk, Plaintiff was able to ambulate effectively with the use of a cane. Tr. 23, 700. Further, Dr. Nolan's testing indicated that Plaintiff was able to move from sitting to standing without difficulty and walk on his heels and toes with an adequate tandem gait, even without ambulatory aids. Tr. 23, 567-58. This evidence provides a reasonable basis for the ALJ's conclusion that Plaintiff was less limited than Dr. Nolan opined. On this record, the ALJ provided a specific, legitimate reason for rejecting Dr. Nolan's controverted opinion. Ford, 950 F.3d at 1154-55. The ALJ's rejection of Dr. Nolan's opinion is supported by substantial evidence. Ghanim, 763 F.3d at 1161.

**2. Consultative Physicians Peter Bernardo, M.D., and Linda Jensen, M.D.**

Plaintiff also argues that the ALJ gave improper weight to the consultative opinions of state agency medical consultants Peter Bernardo, M.D., and Linda Jensen, M.D.

The ALJ need not offer reasons for crediting medical opinions. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (An ALJ need only explain why "significant probative evidence has been rejected"); Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (An ALJ is not

required to discuss at length medical evidence that he does not reject). However, the Commissioner's regulations require the ALJ to evaluate the opinions of non-examining physicians in light of how much information is available to them, evaluating the "degree to which these medical opinions consider all of the pertinent evidence." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

Dr. Bernardo and Dr. Jensen examined the medical record in 2015 and concluded that Plaintiff had the physical capacity for sedentary work. They opined that he could sit for six hours out of an eight-hour workday and stand and/or walk for two hours with some push/pull, postural and environmental limitations. Tr. 61-72, 79-93. These opinions were formulated without the benefit of more recent evidence of Plaintiff's third knee surgery in 2016, and of his deteriorating condition in April 2017 that justified total left knee replacement. Tr. 725, 776-77. On this record, the ALJ's rationale for crediting the non-examining physicians' opinions – that they were based on a review on the record – is not based on substantial evidence. The ALJ's decision to credit these opinions constitutes harmful error.

## II.    RFC Formulation

Plaintiff next argues that the ALJ erred in his RFC assessment because it limits Plaintiff to simple, routine tasks" despite medical evidence of moderate limitations in concentration, persistence or pace.

The ALJ limited Plaintiff to performing simple, routine tasks despite his finding that Plaintiff has "moderate" limitations in concentration, persistence or pace. Tr. 20. The Commissioner argues that this case resembles Stubbs-Danielson v. Astrue, a Ninth Circuit opinion that upheld that an ALJ's limitation of the claimant to routine, simple tasks despite moderate difficulties. In that case, the medical evidence included a doctor's finding that the claimant was

"not significantly limited" in her ability to "carry out very short simple instructions." 529 F.3d 1169, 1174 (9th Cir. 2008). Here, while there is evidence in the record of Plaintiff's normal attention and concentration and appropriate cognitive orientation, there is no specific evidence to support a claim that Plaintiff can follow short, simple instructions required for the completion of simple, routine tasks. Tr. 20, 26, 447, 454, 567, 641. The only record evidence that would support a limitation to routine, simple tasks is the opinion of state agency physicians Winifred Ju, Ph.D., and Ben Kessler, Psy.D., that Plaintiff had only mild limitations concentration, persistence or pace. Tr. 68, 88. The ALJ however gave these opinions "little weight," finding instead that Plaintiff has "moderate" limitations in these areas. Tr. 20, 28. On this record, because there are no medical source opinions credited in the record to support the proposition that Plaintiff can perform simple, routine tasks, the RFC formulation contains harmful error.  Because remand is required, the Court does not address Plaintiff's further arguments.

## REMAND

Under the credit-as-true analysis articulated in Garrison v. Colvin, remand for further proceedings is appropriate here because outstanding issues remain which must be addressed before a finding of disability can be made. 759 F.3d 995, 1022 (9th Cir. 2014). On remand, the ALJ should be given the opportunity to properly evaluate the medical evidence, to formulate a correct RFC that accounts for all of Plaintiff's credible limitations, and to take new testimony from a vocational expert regarding whether, given his RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.  This case is thus remanded for further proceedings consistent with this opinion.

**<u>CONCLUSION</u>**

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 28 day of December 2020.

_____
Mark Clarke
United States Magistrate Judge